UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NANCY LIETZ,**

        Plaintiff,

**vs.**                      CASE NO. _____

**OXFORD LAW, LLC,**

        Defendant.
_____/

**COMPLAINT**
**JURY DEMAND**

**INTRODUCTION**

1.    Plaintiff alleges that Defendant left voicemail messages for Plaintiff in which Defendant failed to disclose the message was from a debt collector in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337 and 15 U.S.C. § 1692k.  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, Nancy Lietz is a natural person and a citizen of the State of Florida, residing in Pinellas County in the Middle District of Florida.

4. Defendant, Oxford Law, LLC is a foreign company organized and existing under the laws of the State of Pennsylvania with its principal place of business and corporate offices in Trevose, Pennsylvania.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as that term is defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes.

10. Defendant left the following messages on Plaintiff's voice mail on her cellular telephone on or about the dates stated:

<u>September 24, 2014 at 9:44 AM</u>

> This is an important message for Nancy Lietz. Nancy my name is Michelle Black, I am with the Oxford Law office, and I need to speak with you. 1-877-543-6551 extension is 199. Refer to file number that's 7536767.

11. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

12. The messages are "communications" as defined by 15 U.S.C. § 1692a(2). *See* Belin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. July 14, 2006) (holding that messages left on the debtor's answering machine were "communications" under the FDCPA); Foti v. NCO Fin. Sys., 424 F.Supp.2d 643, 655-56 (S.D.N.Y.2006) (holding that a voice mail message is a "communication" under the FDCPA); Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F.Supp.2d 1104, 1115-16 (C.D.Cal. 2005) (same).

13. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR
## IN VIOLATION OF 15 U.S.C. § 1692e(11)

14. Plaintiff incorporates Paragraphs 1 through 13 above as if fully set forth herein.

15. Defendant failed to disclose in the telephone messages that the message was from a debt collector in violation of 15 U.S.C. §1692e(11). *See e.g.*, Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006); Belin v. Litton

Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. 2006); Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. 2006).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

*/s/ James S. Giardina*
[ X] James S. Giardina – Trial Counsel
Fla. Bar No. 0942421
[  ] Kimberly H. Wochholz
Fla. Bar No. 0092159
The Consumer Rights Law Group, PLLC
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
Kim@ConsumerRightsLawGroup.com
***Counsel for Plaintiff***