## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**NANCY LIETZ,**

Plaintiff,

**vs.**                                    **CASE NO.  8:15-cv-2211-SDM-TGW**

**OXFORD LAW, LLC**

Defendant.

_____/

## MOTION FOR DEFAULT JUDGMENT
## AND MEMORANDUM OF LAW IN SUPPORT THEREOF

**COMES NOW**, Plaintiff, NANCY LIETZ, by and through her undersigned counsel, and moves this Court for an award of Default Judgment, pursuant to Fed. R. Civ. P. 55(b)(2) against Defendant, OXFORD LAW, LLC, and as grounds therefore, states as follows:

1.      On September 22, 2015, Plaintiff filed her Complaint in the above-entitled action, alleging that the acts or omissions of Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). **[DE-1]**

2.      Defendant was personally served with the Complaint on November 30, 2015. **[DE-5]**.  As of this date, Defendant has failed to file a response to Plaintiff's Complaint or to otherwise appear in this action. Accordingly, on February 16, 2016, the Clerk entered default against Defendant. **[DE-7]**

3.      As a result of the default, Defendant has admitted all matters except for the amount of damages.

4.      Thus, Defendant has admitted to leaving voicemails on Plaintiff's telephone in which Defendant did not disclose that it is a debt collector in violation of the FDCPA, 15 U.S.C. § 1692e(11).

5.      As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to recover statutory damages in an amount up to $1,000.00 plus court costs, reasonable attorney's fees, and post judgment interest as provided by law.   15 U.S.C. § 1692k. Based on the case law presented in the incorporated Memorandum of Law, Plaintiff submits Defendant's violations warrant the award of full statutory damages of $1,000.00.

**WHEREFORE**, Plaintiff requests this Court enter Default Judgment against Defendant awarding Plaintiff $1,000.00 in FDCPA statutory damages; Reasonable attorney's fee in an amount later to be determined by this Court; Costs of suit; and Post-judgment interest at the rate currently allowable by law.

Respectfully, submitted this 25th day of February 2016, by:

*/s/ Kimberly H. Wochholz*
[    ] James S. Giardina – Trial Counsel
Fla. Bar No. 0942421
[ X ] Kimberly H. Wochholz
Fla. Bar No. 0092159
The Consumer Rights Law Group, PLLC
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
Kim@ConsumerRightsLawGroup.com
Counsel for Plaintiff

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on February 25, 2016, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I also certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

**OXFORD LAW**
1100 Northbrook Drive
Suite 250
Trevose, PA 19053

<u>/s/ Kimberly H. Wochholz</u>
Kimberly H. Wochholz
Fla. Bar No. 0092159

## MEMORANDUM OF LAW

**I.    DEFENDANT'S FAILURE TO DEFEND CONSTITUTES ADMISSION OF LIABILITY UNDER THE LEGAL THEORIES ALLEGED**

Federal Rule of Civil Procedure 8(b)(6), which is the equivalent of former Rule 8(d), provides in pertinent part:  "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6) (as amended 2010). "By failing to submit an answer or other pleading denying the factual allegations of Plaintiff's complaint, Defendant admitted those allegations, thus placing no further burden upon Plaintiff to prove its case factually."  Burlington Northern R. Co. v. Huddleston, 94 F.3d 1413, 1415 (10th Cir. 1996) (citing former Rule 8(d)).   Thus, Defendant has admitted all of the factual allegations set forth in the Complaint.

**A.   The facts alleged in the complaint establish Defendant's liability for violating section 1692e(11) of the FDCPA.**

In order to prevail on a claim under the FDCPA, a plaintiff must establish that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002) (quotation marks and citation omitted).

Here, Plaintiff has alleged and Defendant has admitted by its failure to answer that Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes.  **[DE-1, at ¶ 9]** Likewise, it has

been established that Defendant is a debt collector as defined by the FDCPA. **[DE-1, at ¶¶ 5-7]** Further, as addressed below Plaintiff's allegations establish that Defendant engaged in acts or omissions prohibited by the FDCPA.

Specifically, Defendant violated 15 U.S.C. § 1692e(11) of the FDCPA by failing to disclose its status as debt collector. The FDCPA prohibits: "the failure to disclose in subsequent communications that the communication is from a debt collector." 15 U.S.C. §1692e(11).  In finding summary judgment for the plaintiff on this same issue, United States District Judge William P. Dimitrouleas stated, "The provisions of the FDCPA are clear that in initial or subsequent communications, it must be disclosed that the communication is from a debt collector." Drossin v. Nat'l Action Fin. Servs., 641 F. Supp.2d 1314, 1319 (S.D. Fla. 2009).

Here, Defendant left multiple telephone messages for Plaintiff in which Defendant failed to disclose it was a debt collector.  **[DE-1, at ¶¶ 10 – 13]**.  Each of the voicemails that Defendant left for Plaintiff were similar or identical to the following:

> This is an important message for Nancy Lietz. Nancy my name Michelle Black, I am with the Oxford Law Office, and I need to speak with you. 1-877-543-6551 extension is 199. Refer to file number that's 7536767.

**Id.** Courts have consistently held that voicemail messages are communications that require debt collectors to disclose that the communication is from a debt collector. Belin v. Litton Loan Servicing, 2006 WL 1992410, *5, 2006 U.S. Dist.LEXIS 47953 (M.D.Fla., July 14, 2006);   Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 668-70 (S.D.N.Y. 2006); Leyse v. Corporate Collection Servs., 2006 WL 2708451, *4 and *6, 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006).  Here, Defendant never stated it

was a debt collector.   Rather, Defendant identified itself as a law office. Thus, Defendant's telephone messages left for Plaintiff which failed to inform that the call was from a debt collector violated 15 U.S.C. § 1692e(11).

## II.   PLAINTIFF IS ENTITLED TO RECOVER DAMAGES, COSTS, AND ATTORNEY'S FEES FOR DEFENDANT'S VIOLATIONS OF THE FDCPA AND THE FCCPA.

The FDCPA entitles all prevailing plaintiffs to statutory damages up to $1,000.00 as well as court costs and reasonable attorneys' fees.   In this respect, the FDCPA provides:

> (a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of—
> (1) any actual damage sustained by such person as a result of such failure;
> (2) (A) in the case of any action by an individual, such additional damages as the   court may allow, but not exceeding $1,000; …
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's    fee as determined by the court.
> (b) In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors—
> (1) in any individual action under subsection (a)(2)(A), the frequency     and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional;

15 U.S.C. § 1692k.

### A.  **Statutory Damages**

Under the plain language of both the FDCPA and the FCCPA, in determining the appropriate amount of statutory damages to award, the court must consider the following three factors: (1) the nature of the defendant's noncompliance; (2) the frequency and persistence of the noncompliance; and (3) the extent to which the noncompliance was intentional. 15 U.S.C. § 1692k.

Here, Defendant's noncompliance was serious, easily avoidable, persistent and intentional.  Namely, Defendant failed to inform Plaintiff in its messages that the calls were from a debt collector in violation of 15 U.S.C. § 1692e(11). **[DE-1, at ¶¶ 10 – 13]** Rather, Defendant identified itself as a law office. **Id.** Use of the phrase "Oxford Law office" without the required disclosure that the call was from a debt collector is likely to mislead the least-sophisticated consumer into believing the call was from an attorney and not a debt collector.  This is a serious misrepresentation. See In re: Leslie D. Cheaves, 439 B.R. 220 (M.D. Fla. Nov. 8, 2010) (noting that while communications from collection agency's may not strike fear in the heart of unsophisticated consumers, communications from attorneys do.)  Section 1692e(11) is a clear, easy-to-comply with provision of the FDCPA. See Domantay v. Elite Management and Processing, LLC, No. 14-cv-02056 (M.D. Fla. Aug. 5, 2015) (DE-18). Defendant's noncompliance could have been easily cured by simply including a statement that the call was from a debt collector.

Further, Defendant's noncompliance with the FDCPA was persistent and intentional. In this regard, Defendant left multiple messages for Plaintiff in which it did not disclose that the call was from a debt collector. **[DE-1, at ¶¶ 10 – 13]** Further, Defendant is aware that the FDCPA requires it to disclose it is a debt collector as it has been sued on this same violation multiple times in the past. See Perry v. Oxford Law, LLC, No. 12-3312 (E.D. Pa. Aug. 29, 2012) (Amended Complaint at DE-8); Berrios v. Oxford Law LLC, No. 14-cv-00133-PB (D.N.H. Mar. 31, 2014) (Complaint at DE-1); (Woods v. Oxford Law, 2015 U.S. Dist. LEXIS 21638 (S.D.W. Va. Feb. 24, 2015) (finding that Defendant violated 1692e(11) by not stating it was calling to collect a debt).

Yet, despite these lawsuits, Defendant continues to communicate with consumers without disclosing it is a debt collector. When sued for these violations, Defendant strategically defaults minimizing its exposure to large judgments. See Mallory v. Oxford Law, 2013 U.S. Dist. LEXIS 153432 (D.N.J. Oct. 24, 2013) (permitting default judgment to be entered against it); Dudly v. Oxford Law, LLC, No. 14-cv-00057 (ED. Mo July 11, 2014) (DE-10) (same); Schumann v. Oxford Law, LLC, 2014 U.S. Dist. LEXIS 170083 (M.D. Fla. Dec. 9, 2014) (same); Cooper v. Oxford Law, LLC, No. 14-2095 (S.D. Tex. Jan. 30, 2105) (same) (DE-11); Woods v. Oxford Law, LLC, 2015 U.S. Dist. LEXIS 21638 (W.D. Va. Feb. 24, 2015) (same); Miller v. Oxford Law, LLC, No. 14-2280 (S.D. Tex. May 26, 2015) (DE-14) (same);  Lubke v. Oxford Law, LLC, No. 15-cv-510 (W.D. Mich. Oct. 27, 2015) (DE-23) (same); Delong v. Oxford Law LLC, No. 15-4918 (E.D. Pa. Dec. 2, 2015) (DE-15) (same); Allmendinger v. Oxford Law, LLC, 2016 U.S. Dist. LEXIS 4401 (E.D. Cal. Jan. 13, 2016) (same). This pattern shows Defendant's business model is to intentionally violate the FDCPA and then default on the resulting lawsuits. Defendant simply factors in the relatively small judgments entered against it into its business costs. Clearly it is more profitable for Defendant to break the law than follow it.

Further, in resolving statutory damages issues courts should be mindful of three principles.  First, the FDCPA and FCCPA were enacted to curb what the legislatures believed to be a series of abuses in the area of debtor-creditor relations.  See S. Rep. No. 95-382 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1696 (discussing Congresses' intent in enacting the FDCPA); Harris v. Beneficial Finance Corp., 338 So. 2d 196, 200–201 (Fla. 1976) (discussing the Florida legislature's intent in providing statutory damages

under the FCCPA).  Second, the respective legislatures provided for statutory damages under the FDCPA and FCCPA to encourage consumers to bring private actions, which the legislatures intended to be the primary enforcement mechanisms of the acts.  See id. Third, another reason the legislatures provided statutory damages was to provide a penalty to dissuade debt collectors from engaging in abusive collection practices.  See Strange v. Wexler, 796 F. Supp. 1117, 1120 (N.D. Ill. 1992) (stating, "One purpose of statutory damages is to create an incentive to obey the law"); Harris, 338 So. 2d at 200–201.  Thus, in addition to considering the factors discussed above, this Court should determine the appropriate amount of statutory damages in a manner that will both encourage other debt collection harassment victims to bring private actions and dissuade Defendant from engaging in future prohibited collection practices consistent with the legislatures' intent in enacting the Act.

Based on the foregoing, Plaintiff requests an award of the maximum statutory damages of $1,000.00 under the FDCPA for Defendant's serious, easily avoidable, persistent and intentional non-compliance.

**B.  <u>Attorney's Fees and Costs</u>**

As discussed above, both the state and federal act entitle prevailing plaintiffs to reasonable attorney's fees and costs incurred in brining the suit.  Federal courts have consistently interpreted the provision found in the FDCPA, which is nearly identical to that found in the FCCPA, as making an award of attorney's fees mandatory to prevailing plaintiffs. See Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991) (stating that the FDCPA "mandates an award of attorney's fees as a means of fulfilling Congress' intent

that the Act should be enforced by debtors acting as private attorneys general");

<u>Tolentino v. Friedman</u>, 46 F.3d 645, 651 (7th Cir. 1995) (explaining that "[t]he reason for mandatory fees is that Congress chose a 'private attorney general' approach to assume enforcement of the FDCPA").  Plaintiff has incurred attorney's fees and costs in the prosecution and maintenance of this lawsuit.  Plaintiff requests that this Court retain jurisdiction in the matter of Plaintiff's attorney's fees and costs with Plaintiff's motion to be filed in accordance with Local Rule.

## III.    CONCLUSION

Plaintiff requests this Court enter Default Judgment against Defendant awarding Plaintiff FDCPA statutory damages of $1,000.00, plus post judgment interest at the rate currently allowable by law, and entitlement to attorney's fees and costs with this Court to retain jurisdiction to determine the amount of attorney's fees and costs.

Respectfully, submitted this 25th day of February 2016, by:

/s/ Kimberly H. Wochholz
Kimberly H. Wochholz
Fla. Bar No. 0092159