UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NANCY LIETZ,

    Plaintiff,

v.                              CASE No. 8:15-cv-2211-T-23TGW

OXFORD LAW, LLC,

    Defendant.

_____

## REPORT AND RECOMMENDATION

The defendant was found, by default, to have violated the federal debt collection statute while attempting to collect from the plaintiff an alleged debt (Doc. 9; see Doc. 1). Consequently, the plaintiff was awarded damages of $1,000 (Doc. 9). The plaintiff has filed a Motion for Award of Costs and Attorney's Fees and Incorporated Memorandum of Law (Doc. 11). The motion was referred to me for a report and recommendation (Doc. 13). Having considered the materials submitted and the governing legal standards, I recommend that the plaintiff be awarded $2,880.00 in attorneys' fees and $440.00 in costs.

I.

The plaintiff, Nancy Lietz, sued the defendant, Oxford Law, LLC, a company that collects debts for other parties, claiming that it violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq.*[1] The basis for the lawsuit was the following message left by the defendant on the plaintiff's cellular telephone voicemail (Doc. 1, p. 3):

> This is an important message for Nancy Lietz. Nancy my name is Michelle Black, I am with the Oxford Law office, and I need to speak with you. 1-877-543-6551 extension is 199. Refer to file number that's 7536767.

The plaintiff alleged that this message and other similar messages violated the FDCPA because it failed to disclose that it was from a debt collector.

Although service was executed on the defendant, it did not answer or otherwise respond to the complaint. Consequently, this court granted the plaintiff's Motion for Default Judgment on this claim (Doc. 9). The court awarded the plaintiff statutory damages of $1,000 under the FDCPA

---

[1] As pertinent here, the FDCPA prohibits a debt collector from using false representations or deceptive means to collect a debt, or failing to disclose that the communication is from a debt collector. 15 U.S.C. 1692e (10), (11).

(id.). Thereafter, judgment was entered in favor of the plaintiff and against the defendant in the amount of $1,000 (Doc. 10).

The plaintiff then timely filed this motion for attorneys' fees and costs (Docs. 11, 12). The plaintiff seeks an award of $2,880.00 for attorneys' fees, and costs totaling $440.00 (Doc. 11). The motion is supported by the attorneys' time records and affidavits, and receipts for costs (see Exs. to Docs. 11, 12). As indicated, the motion was referred to me for a report and recommendation (Doc. 13). The defendant, who was served with this motion (see Doc. 11, p. 3), has not filed a response.

II.

Plaintiff's counsel seeks an award of attorneys' fees pursuant to the FDCPA (Doc. 11, p. 2), which contains a provision that renders a debt collector liable to a successful plaintiff for reasonable attorneys' fees and court costs. 15 U.S.C. 1692k(a)(3). Based on the judgment entered in the plaintiff's favor (Doc. 10), she is a successful plaintiff who is entitled to reasonable attorneys' fees pursuant to the FDCPA. See Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598,

603 (2001). Thus, the only question addressed here is the amount of those fees and costs.

The FDCPA directs that the successful plaintiff be awarded a "reasonable" attorney's fee. As the plaintiff states, the federal lodestar approach is recognized as the foundation for setting reasonable fee awards pursuant to the FDCPA (see Doc. 11, p. 4). See Moton v. Nathan & Nathan, P.C., 297 Fed. Appx. 930, 931-32 (11th Cir. 2008). This method requires the court to determine a "lodestar figure" by multiplying a reasonable hourly rate for the services of the prevailing party's attorney by the number of hours reasonably expended on the litigation. Norman v. The Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The fee applicant bears the burden of presenting satisfactory evidence to establish that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. Id. at 1299, 1303. Once the lodestar is determined, the court must consider whether an adjustment of the lodestar for the results obtained is appropriate. Moton v. Nathan & Nathan, P.C., supra, 297 Fed. Appx. at 932.

As indicated, the plaintiff argues that the court should award her attorneys' fees of $2,880.00 (Doc. 11, p. 2).

A. HOURLY RATES

Federal courts must determine a reasonable hourly rate for the services of the prevailing party's attorney. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. The Housing Authority of the City of Montgomery, supra, 836 F.2d at 1299. The fee applicant bears the burden of "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." Id. at 1303. Evidence of prevailing rates for comparable services can be adduced either through direct evidence of charges by lawyers under similar circumstances or by opinion. Id. at 1299. "[T]he best information available to the court is usually a range of fees set by the market place." Id. at 1301. Furthermore, "[t]he court ... is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees." Id. at 1303.

The plaintiff was represented in this matter by attorneys James S. Giardina and Kimberly H. Wochholz (Docs. 11-2; 11-3). Giardina requests fees based on an hourly rate of $350, and Wochholz seeks an hourly rate of $250 (id.).

Giardina, lead counsel in this case, is the managing member of The Consumer Rights Law Group, PLLC, a law firm that exclusively represents consumers in litigation against debt collectors, creditors, banks, and telemarketers (Doc. 11-2, ¶7). Giardina, who has practiced law since 2004, has served as lead counsel on several hundred cases involving the FDCPA and/or its Florida statutory counterpart (id., ¶¶2, 9). Giardina asserts that an hourly rate of $350 is reasonable and that he has been awarded this rate in similar cases (id., ¶25).[2]

Wochholz is an associate attorney at The Consumer Rights Law Group, where she handles exclusively cases involving debt collection and

---

[2] In support of his argument, Giardina cites Domantay v. Elite Management and Processing, LLC, stating that District Judge Charlene Edwards Honeywell adopted my Report and Recommendation, in which I recommended that Giardina be awarded a rate of $350 per hour for a case involving the defendants' violations of federal debt and collection protection statutes. No. 8:14-cv-2056-T-36TGW, 2015 WL 6081756 (M.D. Fla. October 14, 2015); (see Doc. 11, p. 10; Doc. 11-2, ¶25). Giardina also cites Sharp v. Kingsman Acquisition Firm, Inc., No. 8:14-cv-02911-T-23AEP (M.D. Fla. Nov. 16, 2015), stating District Judge Steven D. Merryday found $350 to be a reasonable hourly rate (see Doc. 11, p. 10; Doc. 11-2, ¶25). Similarly, Wochholz also cites these cases to support her argument that her requested hourly rate of $250 is reasonable (see Doc. 11, p. 10; Doc. 11-3, ¶10).

telephone harassment (Doc. 11-3, ¶¶2, 12e). She was admitted to the Florida Bar in September 2011, and has worked as an attorney for The Consumer Rights Law Group since that time (id., ¶2).

In support of their requested hourly rates, Giardina and Wochholz aver that they are familiar with the fees customarily charged in Tampa and the Middle District of Florida for this type of case, and that reasonable hourly rates range between $200 and $350 (Docs. 11-2, ¶22; 11-3, ¶10). Plaintiff's counsel also cites to billing surveys and a "Laffey Matrix" in support of the reasonableness of the requested hourly rates (Doc. 11, pp. 12-14).

Considering my knowledge of prevailing market rates in Tampa and the specifics of this case, including the defendant's lack of opposition, a reasonable hourly rate for Giardina is $350. See Norman v. The Housing Authority of the City of Montgomery, supra, 836 F.2d at 1303 (the court is itself an expert). Although, in my experience, counsel's requested rate is on the high side, taking into consideration his lengthy and specialized experience in consumer law, the small number of hours he expended on this matter, and the lack of opposition, the requested rate is not unreasonable. Accordingly, I recommend that Giardina be awarded an hourly rate of $350.

Further, I recommend that attorney Wochholz be awarded an hourly rate of $250. Although this rate is also on the high side, it is reasonable considering Wochholz's specialization in consumer law and her prominent role in the prosecution of this case. As indicated, the defendant has not objected to the requested rate.

Another circumstance supporting the reasonableness of these hourly rates is the alleged undesirability of this case. See Maner v. Linkan LLC, 602 Fed. Appx. 489, 493 (11th Cir. 2015) (the undesirability of the case is a factor that may be considered in setting a reasonable hourly rate); Morgado v. Birmingham-Jefferson County Civil Defense Corps, 706 F.2d 1184, 1191, n.2 (11th Cir. 1983). Plaintiff's counsel asserts that, because the defendant has routinely defaulted in other similar cases, a case against this company is "considered undesirable by most consumer law attorneys in this market ... [because] it is difficult to determine if the default is strategic or [that] the defendant does not have the means to defend and is on the brink of bankruptcy" (Doc. 11-3, ¶12b). Thus, not only is this a contingency matter which inherently presents a risk of non-payment, but it also presents a substantial risk of non-payment even if the plaintiff prevails. Therefore, the

interest of having counsel available to accept such an undesirable case also supports an award of the hourly rates. See Panola Land Buying Ass'n v. Clark, 844 F.2d 1506, 1524 (11th Cir. 1988) (noting that a fee-shifting statute is intended to benefit those who cannot afford counsel).

For the foregoing reasons, I recommend that the hourly rates of plaintiff's counsel, Giardina and Wochholz, be set at $350 and $250, respectively.

### B. REASONABLENESS OF THE NUMBER OF HOURS EXPENDED

The second half of the lodestar equation requires the court to calculate the number of hours reasonably expended on the litigation. Thus, "[e]ven when a party prevails, the district court still must determine whether time was reasonably expended, and if it was not, that time should be excluded from the fee calculation." Perez v. Carey International, Inc., 373 Fed. Appx. 907, 911 (11th Cir. 2010).

It is the fee applicant's burden to document adequately the hours expended. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). In this regard, "fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought

to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." Norman v. The Housing Authority of the City of Montgomery, supra, 836 F.2d at 1303. Furthermore, "excessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed." Id. at 1301. In other words, fee applicants must use billing judgment. Id.

The plaintiff's motion seeks compensation for 11.2 hours of legal work performed by Giardina and Wochholz (Doc. 11-1). This time was spent on all facets of the litigation, including drafting pleadings and motions, communicating with the client, and post-judgment proceedings.

Counsel has submitted in support of this request their contemporaneously-recorded billing records (id.). Further, each has averred that the time spent on this matter was reasonable and necessary (Docs. 11-2, ¶30; 11-3, ¶15). Additionally, counsel stated that she eliminated from the fee request time spent on administrative matters that are not properly billed (Doc. 11, p. 5). Significantly, the defendant has not challenged the hours billed by plaintiff's counsel.

Moreover, a review of those time records does not reveal any obviously excessive or unreasonable time entries. In particular, it is noted that time preparing the motion for attorneys' fees and costs is compensable. Thompson v. Pharmacy Corp. of Am., Inc., 334 F.3d 1242, 1245 (11th Cir. 2003) (where attorneys' fees are allowed to the prevailing party by federal statute, the compensable fees include time spent litigating both the entitlement to and amount of fees incurred); Sheet Metal Workers' Int'l Ass'n Local 15, AFL-CIO v. Law Fabrication, LLC, 237 Fed. Appx. 543, 550 (11th Cir. 2007) (recognizing that "fees on fees" are ordinarily authorized under federal statutory fee-shifting provisions).

I therefore recommend that the plaintiff be compensated for 11.2 hours of legal work. In sum, the recommended hourly rates multiplied by the compensable number of hours result in the following lodestar amount:

| Billkeeper | Hourly Rate | Number of Hours | Sum |
|---|---|---|---|
| James S. Giardina | $350 | .8 | $ 280.00 |
| Kimberly H. Wochholz | $250 | 10.4 | $2,600.00 |
| **Total Lodestar** | | | **$2,880.00** |

After the lodestar is determined, the court must consider the necessity of an adjustment for results obtained. However, as reiterated by the

U.S. Supreme Court in Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010), there is a "strong" presumption that the lodestar reflects a reasonable statutory fee. Furthermore, that presumption is unchallenged here. Accordingly, I recommend that the plaintiff be awarded attorneys' fees of $2,880.00

### III.

Finally, the plaintiff's law firm presented evidence that it incurred $440.00 in costs. Those costs comprise the $400.00 filing fee and $40.00 for service of process (Doc. 12). The plaintiff submitted receipts verifying those costs (Docs. 12-1; 12-2).

These costs are recoverable. See Larsen v. JBC Legal Group, P.C., 588 F.Supp.2d 360, 365 (E.D.N.Y. 2008) (costs awardable to a successful FDCPA plaintiff include filing fees, process servers, and postage). Further, the defendant has not challenged any of the listed expenses as non-compensable. Therefore, the plaintiff is properly reimbursed those costs. Accordingly, I recommend that the plaintiff be awarded costs of $440.00.

IV.

For the foregoing reasons, I recommend that the Plaintiff's Motion for Award of Costs and Attorney's Fees and Incorporated Memorandum of Law (Doc. 11) be granted to the extent that the plaintiff be awarded an additional amount of $2,880.00 in attorneys' fees, and $440.00 in costs, pursuant to 15 U.S.C. 1692k.

Respectfully submitted,

/s/ Thomas G. Wilson
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: APRIL 22, 2016

NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.